Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V (ESPECIAL)

| | | |
|---|---|---|
| *PASCUAL CRUZ CINTRÓN*<br><br>*Apelado*<br><br><br>v.<br><br><br>LIMARIE RODRÍGUEZ CORREA<br><br>*Apelante* | KLCE202300900 | *Certiorari* **acogido como Apelación** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J DI2012-0549<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

Comparece la señora Limarie Rodríguez Correa (señora Rodríguez Correa o apelante), mediante recurso de *Certiorari*[1] y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario), el 13 de julio de 2023, notificada el 19 del mismo mes y año. Mediante el referido dictamen, el TPI, entre otras cosas, declaró *No Ha Lugar* una *Solicitud de Desacato, Reconsideración e Imposición de Honorarios* presentada por el señor Pascual Cruz Cintrón (señor Cruz Cintrón o apelado).

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

**I.**

Nuevamente, este Foro tiene ante su consideración la controversia relacionada a la pensión provisional impuesta a la

---

[1] Acogemos el recurso de *certiorari* como una apelación por ser el mecanismo adecuado para la revisión de la determinación recurrida. Sin embargo, por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.

señora Rodríguez Correa. El 25 de junio de 2021, el señor Cruz Cintrón presentó una solicitud de alimentos[2].

El 25 de agosto de 2022, se celebró una vista mediante videoconferencia ante la Examinadora de Pensiones Alimentarias (EPA) para la recomendación de una pensión alimentaria provisional. En esta misma fecha, la EPA preparó un *Acta-Informe*[3] en el que recomendó que se declarara *Ha Lugar* la solicitud de alimentos presentada por el señor Cruz Cintrón. Particularmente, recomendó que se le estableciera a la señora Rodríguez Correa, persona no custodia, una pensión alimentaria provisional básica de $458.26 mensuales conforme al Art. 17 de Ley Núm. 5-1986, Ley Orgánica de la Administración para el Sustento de Menores[4]. Además, que la pensión antes indicada debía ser retroactiva al 25 de junio de 2021 y se debía comenzar a pagar desde el 1 de septiembre de 2022 mediante depósitos en la cuenta bancaria del señor Cruz Cintrón. Por último, indicó que del 25 de junio de 2021 al 31 de agosto de 2022 surgió una deuda de $7,009.49 que la señora Rodríguez Correa estaba obligada a satisfacer mediante pagos de $200 mensuales hasta el saldo de la deuda.

Consecuentemente, el 22 de septiembre de 2022, el TPI emitió y notificó una *Resolución*[5] en la que hizo formar parte el *Acta-Informe* que preparó la EPA. Asimismo, aceptó las recomendaciones que se realizaron mediante dicho informe en cuanto a la cuantía de pensión alimentaria provisional que se le debía imponer a la señora Rodríguez Correa y, a su vez, declaró *Ha Lugar* la solicitud de alimentos que presentó el señor Cruz Cintrón. No obstante, no aceptó la recomendación en cuanto a la forma de pago.

---

[2] Véase apéndice del recurso, págs. 97-145.
[3] Véase apéndice del recurso, págs. 4-5.
[4] 8 LPRA sec. 516.
[5] Véase apéndice del recurso, pág. 2-3.

En lo pertinente a la controversia ante nuestra consideración, el 7 de octubre de 2022, el señor Cruz Cintrón presentó un escrito intitulado *Solicitud de Desacato, Reconsideración e Imposición de Honorarios de Abogado*[6]. Alegó que la apelante no había realizado el correspondiente pago de pensión alimentaria. Ante ello, solicitó que se reconsiderara el plan de pago de la deuda acumulada como pensión básica y se ordenara el pago de esta so pena de desacato.

El 20 de junio de 2022, el señor Cruz Cintrón presentó una *Moción Retirando Reconsideración en Torno a Plan de Pago*[7]. En esta, adujo que el hijo menor de edad se emancipó por edad, el apelado perdió su capacidad representativa y la apelante se acogió a un capítulo 13 de quiebras, por lo que el TPI perdió jurisdicción sobre la materia al tornarse académico el asunto. Ante ello, solicitó retirar la solicitud de reconsideración.

El 22 de junio de 2023, la apelante presentó *Oposición a Retiro de Reconsideración*. El 27 de junio de 2023, el apelado presentó *Réplica a Oposición y Reiterando Retiro de Reconsideración en Torno a Plan de Pago*.

Así las cosas, el 13 de julio de 2023, notificada el 19 del mismo mes y año, el TPI emitió una *Resolución*[8] en la que determinó lo siguiente:

(1) *A: MOCIÓN REITERANDO RECONSIDERACIÓN EN TORNO A PLAN DE PAGO* presentada por la parte demandante a través de su representación legal el 20 de junio de 2023;

(2) *OPOSICIÓN A RETIRO DE RECONSIDERACIÓN* presentada por la parte demandada a través de su representación legal el 22 de junio de 2023;

(3) *A: REPLICA A OPOSICIÓN Y REITERANDO RETIRO DE RECONSIDERACIÓN EN TORNO A PLAN DE PAGO* presentado por la parte demandante a través de su representación legal el 27 de junio de 2023,

(4) *A: MOCIÓN SOLICITANDO SANCIONES Y ELIMINACIÓN DE ESCRITO EN VIRTUD DE LA REGLA 67 DE PROCEDIMIENTO CIVIL* radicada por la parte

---

[6] Véase apéndice del recurso, págs. 7-8.
[7] Véase apéndice del recurso, págs. 10-11.
[8] Véase apéndice del recurso, págs. 20-22.

demandada a través de su representación legal el 28 de junio de 2023,

*(5) A: MOCIÓN REITERANDO INCUMPLIMIENTO CON ÓRDENES DEL TRIBUNAL, IN LIMIE, SANCIONES Y OTRAS, SOLICITANDO SANCIONES Y ELIMINACIÓN DE ESCRITO EN VIRTUD DE LA REGLA 67 DE PROCEDIMIENTO CIVIL* radicada por la parte demandada el 6 de julio de 2023, se dispone lo siguiente:

### *RESOLUCIÓN Y ORDEN*

(1) Ha Lugar. Se tiene por no puesta la Moción radicada por la parte demandante el 7 de octubre de 2022, una vez retorne el mandato del Tribunal de Apelaciones.

(2) No ha lugar.

(3) Véase determinación en el inciso 1.

(4) Se le ordena a la parte demandante a cumplir con la Regla 67 de Procedimiento Civil so pena de severas sanciones.

(5) No ha lugar.

Inconforme, el 14 de agosto de 2023, la apelante acudió ante nos mediante el recurso de epígrafe, en el que señaló al TPI la comisión de los siguientes errores:

Primer Error: Erró la Oficial Examinadora de Pensiones del TPI, al determinar que el demandante tenía custodia monoparental del menor Pascual Cruz Rodríguez y celebrar la vista de pensión sin jurisdicción o poder para ello.

Segundo Error: Erró la Oficial Examinadora de Pensiones del TPI, al determinar que el demandante tenía custodia monoparental del menor Pascual Cruz Rodríguez, establecer una fecha de retroactividad y celebrar la vista de pensión sin jurisdicción o poder para ello.

Tercer Error: Erró la Oficial Examinadora de Pensiones del TPI, al recomendar una pensión alimentaria contra la demandada e imputarle un salario, cuando se apartó y obvió totalmente las *Guías Mandatarias Para Computar Las Pensiones Alimentarias en Puerto Rico*, reglamento 8529, del 30 de octubre de 2014, según enmendado.

Cuarto Error: Erró el TPI al dictar Resolución aprobando el ACTA - INFORME de la Oficial Examinadora de Pensiones y establecer una pensión alimentaria a la parte aquí recurrente, basado en la PIPE del demandante – imputando un salario a la demandada exagerado, sin prueba suficiente, confiable, y/o sin considerar el récord del Tribunal y obviamente sin ninguna base o fundamento en hechos ni derecho.

Quinto Error: Erró el TPI al dictar Resolución aprobando el ACTA – INFORME de la Oficial Examinadora de Pensiones cuando se violó el debido proceso de ley en la vista y la determinación.

Sexto Error: Erró el TPI al dictar Resolución aprobando el ACTA – INFORME de la EPA y establecer una pensión

alimentaria cuando medió una mala apreciación de la prueba.

Séptimo Error: Erró la Oficial Examinadora de Pensiones del TPI, y el TPI, en la apreciación de la prueba.

Examinado el recurso, el 17 de mayo de 2023, emitimos una *Resolución* en la que le concedimos a la parte apelada hasta el 23 de mayo de 2023 para presentar su posición en torno al recurso de epígrafe. Vencido el término para ello, sin que la parte apelada se expresara, declaramos perfeccionado el presente recurso y procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**-A-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto[9]. La falta de jurisdicción trae consigo las consecuencias siguientes: (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio[10].

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado[11]. Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que

---

[9] *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013).
[10] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).
[11] *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012).

puede hacer es así declararlo"[12]. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos[13]. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo[14].

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia[15]. Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción[16].

**-B-**

El mandato es una figura enmarcada dentro de los procesos apelativos[17]. El Tribunal Supremo lo ha definido como "el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma"[18]. El propósito principal del mandato es lograr que el tribunal inferior actúe conforme a los pronunciamientos del tribunal apelativo[19].

La figura del mandato se encuentra delineada en la Regla 84(E) del Reglamento del Tribunal de Apelaciones. En lo pertinente, dicha regla establece que:

> [...]
>
> (E) Transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el Secretario o Secretaria enviará el mandato al Tribunal de

---

[12] *Íd*, pág. 856.

[13] *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015).

[14] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[16] Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

[17] *Colón y otros v. Frito Lays*, 186 DPR 135, 151 (2012).

[18] *Íd.*; *Mejías el al. v. Carrasquillo et al.*, 185 DPR 288, 300-301 (2012).

[19] *Íd.*, pág. 301.

> Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado.

El mandato cobra especial relevancia con lo relacionado a los efectos de índole jurisdiccional que pueda tener su remisión al foro de origen[20]. Lo anterior, debido a que, "una vez el tribunal en alzada emite su determinación, y la misma adviene final y firme, se enviará el mandato correspondiente al foro recurrido"[21]. Así, "[e]s en ese momento que el recurso que estaba ante la consideración del foro revisor concluye para todos los fines legales, por lo que se entiende que no es hasta entonces que este pierde jurisdicción en lo concerniente al asunto"[22]. Consonó con lo anterior, el foro revisado no adquiere jurisdicción nuevamente para continuar con los procedimientos y ejecutar los dictámenes de la sentencia en alzada, hasta tanto reciba el mandato del tribunal revisor[23].

En síntesis, cuando se paralizan los procedimientos en el foro de origen, este pierde su facultad para atender las controversias planteadas en alzada y no vuelve a adquirir jurisdicción sobre ellas hasta que el tribunal revisor remita al mandato correspondiente. Íd. Lo anterior implica que toda acción que realice el foro revisado, luego de la paralización de los procedimientos y previo a recibir el mandato, es nula[24].

### III.

En el presente caso, no cabe duda de que el TPI reiteradamente incumple con nuestras directrices. Desde octubre de 2022 la señora Rodríguez Correa ha solicitado remedios ante el TPI, sin embargo, aún no se ha resuelto la controversia que nos atañe. Advertimos que, la apelante ha presentado ante nuestro Foro **tres**

---

[20] *Colón y otros v. Frito Lays, supra,* pág. 153.
[21] *Íd.*
[22] *Íd.*
[23] *Íd.,* pág. 154.
[24] *Íd.,* págs. 154 y 157.

**recursos**, a saber: KLCE202201183, KLCE202201416 y KLCE202300414.

En el recurso KLCE202201416, la señora Rodríguez Correa solicitó la revisión de una Resolución emitida y notificada por el TPI el 22 de septiembre de 2022. No obstante, el 28 de febrero de 2023, notificada el 1 de marzo de 2023, emitimos una Sentencia mediante la cual desestimamos el recurso por falta de jurisdicción por prematuro debido a que el TPI aún no había emitido una determinación en cuanto a *Solicitud de Desacato, Reconsideración e Imposición de Honorarios de Abogado*[25] presentada por el señor Cruz Cintrón el 7 de octubre de 2022. Por tanto, se devolvió el caso al TPI para que adjudicara y notificara su determinación en cuanto a la solicitud de reconsideración.

En el recurso KLCE202300414, la señora Rodríguez Correa solicitó la revisión de una Resolución y Orden emitida por el TPI el 17 de marzo de 2023. El referido recurso, fue desestimado por falta de jurisdicción por prematuro debido a que el mandato del Tribunal de Apelaciones, en cuanto a la Sentencia emitida el 28 de febrero de 2023, se notificó el 2 de mayo de 2023. Así pues, el 17 de marzo de 2023, fecha en que el TPI emitió la determinación recurrida, el foro primario todavía no había adquirido jurisdicción nuevamente para poder emitir un dictamen en cuanto a la solicitud de reconsideración que presentó el señor Cruz Cintrón el 7 de octubre de 2022. De este modo, la Resolución y Orden que emitió el TPI la declaramos nula mediante Sentencia emitida y notificada el 15 de junio de 2023.

**En el presente recurso, la señora Rodríguez Correa solicita la revisión de la Resolución emitida el 13 de julio de 2023, notificada el 19 del mismo mes y año, por el TPI**. En dicho dictamen, el TPI resolvió, entre otras cosas, lo siguiente: "Ha Lugar.

---

[25] Véase apéndice del recurso, págs. 7-8.

Se tiene por no puesta la Moción radicada por la parte demandante el 7 de octubre de 2022, **una vez retorne el mandato del Tribunal de Apelaciones**"[26]. (Énfasis nuestro). Claramente, el foro primario incumplió nuevamente al emitir la *Resolución* recurrida sin jurisdicción, previo al mandato del Tribunal de Apelaciones. **El mandato de la Sentencia emitida el 15 de junio de 2023 por el Tribunal de Apelaciones se remitió el 8 de agosto de 2023**.

Aun cuando este Foro se ha expresado de forma clara, precisa y explicativa sobre la figura del mandato, el TPI incide en determinar sobre controversias que aún no están bajo su jurisdicción. Por ello, reiteramos nuestras palabras pronunciadas en uno de los recursos previos, a saber:

> **[N]o podemos dejar de mencionar que la figura mandato ha sido ampliamente discutida y reiterada y debe ser conocida por los foros sujetos a revisión. La falta de dicho conocimiento básico implica que, como en este caso, se infrinja nuestra política pública de economía procesal y acceso a la justicia. Ello pues, estos errores procesales atrasan y duplican los procedimientos judiciales. Más lamentable aún, estos errores tienen repercusiones perjudiciales para los ciudadanos que interesan utilizar su derecho a revisión judicial, pues les obliga a presentar múltiples recursos, lo cual implica multiplicidad de gastos económicos.**

Por consiguiente, el recurso de epígrafe resulta prematuro. A la luz de lo anterior, el único curso viable a seguir es su desestimación por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** el recurso presentado y devolvemos el caso al TPI para que actúe conforme a lo aquí resuelto. De igual forma, se ordena a la Secretaría a desglosar el original del alegato a la apelante.

Notifíquese.

---

[26] Véase apéndice del recurso, pág. 21.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones